**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK STAGGERS, | : |
| Petitioner, | : Civil Action No. 20-2289 (JMV) |
| v. | : **OPINION & ORDER** |
| JOHN POWELL, | : |
| Respondent. | : |

Before the Court is Petitioner's "Cross motion for an order pursuant to Fed. R. Civ. Proc. 60(b)(6) for a premature notice of appeal on the ground that the petitioner failed to first exhaust remedies prior to filing the Petition." (D.E. 16.) Petitioner's reliance on Rule 60(b)(6), the current posture of the case (pre-judgment), and his request for relief, do not constitute a valid motion under Rule 60(b)(6). Accordingly, the Court will deny that motion.

As to his underlying request, it appears that Petitioner wishes to voluntarily dismiss this case without prejudice to refiling, after he completes his state post-conviction relief ("PCR") proceedings. Petitioner appears to recognize that he has not yet exhausted some of his claims and that that this Court cannot adjudicate a mixed petition, *i.e.*, one that contains both exhausted and unexhausted claims. The Court cautions Petitioner that a voluntary dismissal will not toll the one-year limitations period under the Antiterrorism and Effective Death Penalty Act, to file a § 2254 petition.

Alternatively, Petitioner may be seeking a stay of this matter while he exhausts his claims in state court. To merit a stay, Petitioner must establish: (1) that he has good cause for his failure to raise the additional claims before; (2) that the additional claims have factual and legal merit;

and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to pursue a stay, he must file a formal motion to stay, along with a brief that explains the specifics of his unexhausted claims. In particular, Petitioner's submission must include any facts relevant to support those claims. Additionally, if Petitioner has already filed his post-conviction relief petition in state court, he shall submit a copy of that petition along with his motion. Accordingly,

IT IS, on this 15th day of July 2021,

**ORDERED** that Petitioner's motion under Rule 60(b)(6), (D.E. 16), is DENIED; and it is further

**ORDERED** that Respondent's motion to seal the presentence report, (D.E. 13.), is GRANTED; and it is further

**ORDERED** that within thirty (30) days of the date of this Order, Petitioner shall: (1) advise the Court whether he wishes to voluntarily dismiss this matter; or (2) file a motion to stay and abey this matter until after he exhausts his claims in state court; and it is further

**ORDERED** that because Petitioner has advised that he has filed a mixed petition, the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter, pending receipt of Petitioner's submissions; and it is further

**ORDERED** that Respondent is no longer required to file an Answer in this matter; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge